Dennis I. SUGAR, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 92–183.

United States Court of Veterans Appeals.

June 23, 1993.

266

Michael P. Horan, Washington, DC, and Bonnie M. Marinelli, Silver Spring, MD, were on the briefs, for appellant.

James A. Endicott, Jr., Gen. Counsel, Norman G. Cooper, Acting Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Peter M. Donawick, Washington, DC, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and IVERS, Associate Judges.

NEBEKER, Chief Judge:

Appellant, Dennis I. Sugar, appeals a January 16, 1992, Board of Veterans' Appeals (BVA) decision which found that no new and material evidence had been submitted to reopen a claim for entitlement to service connection for ulcerative colitis and which denied service connection for irritable bowel syndrome. The Court affirms the BVA decision.

## Factual Background

Appellant served in basic training in the Army from January 1968 to March 1968, at which time he was hospitalized for chronic cough, fatigue, and shortness of breath. In September 1968, a Physical Evaluation Board found him unfit for duty. He was medically retired from active duty in November 1968 for infectious mononucleosis and acquired hemolytic anemia, and was placed on the temporary disability retirement list. R. at 159. His separation examination listed his abdomen and viscera as normal. R. at 164. In 1972, his disability retirement was changed from temporary to permanent based on his anemia and splenectomy (the splenectomy was performed in the course of treatment for anemia). R. at 237.

In 1986, the Veterans' Administration (now Department of Veterans Affairs) Regional Office (RO) granted him service connection for anemia, classified as splenectomy with history of mononucleosis and hemolytic anemia, but denied a claim for service connection of ulcerative colitis. R. at 192–93. He renewed his claim of service connection for ulcerative colitis, but the RO and BVA denied it in 1987. R. at 224–29. He sought to reopen his claim in 1988, but the RO and BVA again denied it. R. at 249–53. In 1990, he again sought to reopen his claim of service connection for ulcerative colitis and added an original claim of service connection for irritable bowel syndrome. R. at 255.

Concurrent with his most recent claim, he submitted a copy of a 1990 decision of the Army Board for Correction of Military Records (BCMR) which amended his 1972 permanent medical disability to include irritable bowel syndrome. R. at 266–70. The BCMR relied upon Duke University Medical Center interval notes, R. at 172, and a 1989 advisory opinion which indicated that appellant had suffered from a clinical bowel syndrome, analogous to irritable bowel syndrome, as early as 1970. R. at 264. The BCMR concluded that the 1972 action which changed his retirement from temporary to permanent should have reflected a diagnosis of irritable bowel syndrome. Ap-

pellant also included with his claim an additional copy of a previously submitted article from medical literature. The article suggested that autoimmune hemolytic anemia is an infrequent complication of ulcerative colitis. R. at 232, 294.

The BVA denied the claim for irritable bowel syndrome, stating that the records, including the 1989 advisory opinion and 1990 BCMR decision, did not show that appellant had irritable bowel syndrome while on active duty in 1968. *Dennis I. Sugar*, BVA 92–1020, at 5 (Jan. 16, 1992). The BVA also determined that the evidence appellant submitted to reopen his claim for ulcerative colitis either was not new or was not material to service connection. The BVA concluded that the advisory opinion and the BCMR decision were not new in that they contained facts which were available to the BVA in 1987. *Id.* The BVA likewise concluded that the evidence was not material in that it did not establish a causal relationship between the service-connected hemolytic anemia and ulcerative colitis. *Id.* at 6.

### Analysis

In order to reopen a previously adjudicated claim, a veteran must submit new and material evidence. This Court reviews issues of whether an appellant has submitted "new and material" evidence on a de novo basis. *Colvin v. Derwinski*, 1 Vet.App. 171 (1991). Material evidence is "relevant and probative of the issue at hand," and new evidence is that which is not "merely cumulative of other evidence on the record." *Id.* at 174. Here, evidence submitted by appellant to reopen his claim for service connection for ulcerative colitis includes the BCMR decision and an article from the medical literature. This evidence is primarily cumulative of evidence previously submitted, and, where not cumulative, lacks sufficient materiality to the issue of service connection to warrant reopening.

As to the attempt to reopen a claim for service connection for ulcerative colitis, the BCMR decision did not contain any information related to ulcerative colitis during appellant's period of service and, consequently, is immaterial to the issue of service connection. The BCMR decision concluded that no evidence of record indicated that he suffered from ulcerative colitis at the time of his physical evaluation board or prior to his separation in 1968. The BCMR decision relates to presence of a clinical bowel syndrome as early as 1970; the decision does not attempt to connect the condition to appellant's service in 1968.

The submitted article was previously before the BVA and, in any event, does not attempt to establish an etiological relationship between autoimmune hemolytic anemia and ulcerative colitis. The article merely hypothesizes that a correlation exists between the conditions and that the disorders can be treated separately. Moreover, none of the additional evidence correlated the general inferences drawn in the article to appellant's specific condition.

As to the claim for service connection for irritable bowel syndrome, the Court must affirm the BVA's findings of fact where there is a plausible basis in the record. *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). Here, the record provides a plausible basis for the findings of the BVA that appellant did not have irritable bowel syndrome which originated or was aggravated during his service in 1968. Nothing in the record connected irritable bowel syndrome to service rendered in 1968. The BCMR decision merely analogizes a clinical bowel syndrome to irritable bowel syndrome, and then only as to his condition in 1970, more than a year after his separation from active duty.

### Conclusion

Appellant did not submit any new and material evidence to reopen his claim for ulcerative colitis. There is a plausible basis in the record for the BVA to deny service connection for irritable bowel syndrome. Therefore, the decision of the BVA is AFFIRMED.